Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
K. Joon Oh (SBN: 246142)
koh@winston.com
J. Caleb Donaldson (SBN: 257271)
jcdonaldson@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Plaintiff
BARE ESCENTUALS BEAUTY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARE ESCENTUALS BEAUTY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTELLIGENT BEAUTY, LLC, a Delaware limited liability company, | **Case No. 09-CV-00382 (CRB)**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Charles R. Breyer<br>Date: November 20, 2009<br>Time: 10:00 a.m.<br>Courtroom: 8 |

## I.   INTRODUCTION

Defendant Intelligent Beauty offers no principled basis to oppose Bare Escentuals' motion for leave to file its First Amended Complaint. Defendant does not object to Bare Escentuals' amendment to the extent it supplements and clarifies the factual allegations regarding Defendant's false advertisements and advertising affiliates. Defendant does, however, oppose amendment to add Doe defendants and to add allegations supporting liability of Defendant and the new Doe defendants under a civil conspiracy theory. The proposed Doe defendants are Defendant's Internet advertising affiliates, who engage in sophisticated Internet advertising and promotional techniques including false emails and "astroturfing"[1] product reviews on consumer websites, creating billions of impressions in the marketplace.

Defendant opposes the introduction of these Doe defendants and the civil conspiracy theory on the false basis that discovery is nearly complete. To the contrary, discovery is not nearly over. The parties have not yet noticed any depositions. Indeed, Bare Escentuals cannot meaningfully take depositions until further document production by Defendant is complete. The parties have not yet served admission requests. Third-party discovery, just beginning, came to a halt upon the Court's referral of the case to mediation. The Court has not yet issued a scheduling order and has not set a deadline for discovery.

Moreover, the parties have significant disputes about document discovery that have impeded discovery progress. Bare Escentuals was on the verge of filing motions to compel when this Court referred the parties to private mediation before the Hon. Fern M. Smith. During the months leading up to the mediation, no formal discovery took place. Instead, the parties participated in voluntary exchanges of documents during which Defendant persistently demanded that production during the mediation phase should be exceedingly narrow. Defendant refused much of the discovery that Bare Escentuals sought, even when Bare Escentuals trimmed its requests down for the purposes of mediation. Judge Smith as mediator did not function as a discovery master. She did not issue

---

[1] "Astroturfing" refers to fake "grass-roots" communications in a political or promotional context. *See* http://en.wikipedia.org/wiki/Astroturfing.

1

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**09-CV-00382 (CRB)**

1  rulings or give the parties strong direction on the voluntary exchanges. Bare Escentuals received
2  only what the Defendant chose voluntarily and selectively to furnish.
3      At this stage, Defendant will suffer no prejudice or undue delay if Bare Escentuals amends its
4  complaint to name additional defendants. This litigation is also the most efficient forum to address
5  the liability of Defendant's affiliates for false advertising, and Defendant's liability for their actions.
6  Bare Escentuals requests that the Court grant it leave to file its First Amended Complaint.

## II. DEFENDANT HAS NOT JUSTIFIED DENYING THE ADDITION OF THE DOE DEFENDANTS AND NEW CAUSE OF ACTION.

Rather than offer a compelling reason to deny Bare Escentuals' motion under the relevant standard, Defendant focuses its opposition on disparaging Bare Escentuals' claims and motives in bringing this suit, and on painting an entirely false picture of Defendant's document production to date.

### A. Contrary To Defendant's Assertion, Bare Escentuals' Claims Are Focused And The Evidence Against Defendant Is Already Damning.

In an effort to convince the Court that this case should not include additional participants in Defendant's false advertising and infringements, Defendant argues that Bare Escentuals' trademark claim is weak and that its false advertising claim seeks to prevent "mere puffery." The facts—even at this early stage of discovery—contradict these arguments.

With regard to the trademark claims, early discovery has already exposed dozens of examples of actual confusion in the marketplace. Defendant has already produced more than a dozen comments from customers seeking to return Defendant's product and stating explicitly that they had wrongly thought that they had ordered bareMinerals. (Declaration of J. Caleb Donaldson "Donaldson Decl." at ¶ 3.) Other of Defendant's customers mistakenly referred to Defendant's product as "bare minerals" in their communications. (Donaldson Dec. at ¶ 4.) Bare Escentuals has also produced evidence of confusion. Customers have written to Bare Escentuals seeking to cancel or modify orders for RAWMinerals (the Defendant's product); they have asked if RAWMinerals and bareMinerals were from the same company; and they have wrongly referred to Bare Escentuals' RareMinerals and bareMinerals products as "raw minerals." (Donaldson Decl. At ¶ 7.) What is

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

2
**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**09-CV-00382 (CRB)**

most damaging, Defendant's customers complain to *Bare Escentuals* about *Defendant's* products and business, believing that Bare Escentuals is responsible. (Donaldson Decl. at ¶ 8.)

The facts regarding Defendant's false advertising are equally damning. Defendant has built its marketing around specific false comparisons between its RAWMinerals mineral foundation and Bare Escentuals' bareMinerals mineral foundation. While Defendant initially sought to argue that its "Better than Bare" advertising campaign had nothing to do with Bare Escentuals, but referred only to bare skin, that particular line of defense has stumbled in light of Defendant's disclosure of its parallel use of the claim "RAWMINERALS: *Better than bareMinerals*" above specific factual claims of superiority regarding bareMinerals.[2] Here, for example, is one of Defendant's web pages:



---

[2] Defendant has also produced a number of documents showing that Defendant itself, both internally and in customer surveys, refers to Bare Escentuals simply as "Bare." (Donaldson Decl. at ¶ 9.)

3

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
09-CV-00382 (CRB)

(Donaldson Decl. at ¶ 10; *see also* Proposed First Amended Complaint, Exhibit I.)

Defendant's new fallback argument is that no one is likely to think that the three specific claims enumerated in bullet points under the assertion "*Better than bareMinerals*" are comparative claims about bareMinerals, and, in any event, they are mere "puffery." While the phrases "Better than bareMinerals" and "Better than Bare" standing alone might be puffery, when combined with the specific false comparative statements they are actionable false advertising.

The facts regarding the misleading nature of Defendant's purported "free" trial offer are also damning. Defendant has not yet produced all its customer complaints about its free trial practices, but of the 526 records relating to Bare Escentuals that it produced from its database, more than 40 of those also complained about Defendant's misleading free trial offer. (Donaldson Decl. at ¶ 2.) Complaints referred to the fact that the product was not free, the nature of the program and the compulsory enrollment in a continuity plan, falsehoods regarding the length of the trial period, the misleading nondisclosure of an obligation to return the product to avoid having to pay a high price for the products, and other aspects. (Donaldson Decl. at ¶ 5.)

Contrary to Defendant's assertions, Bare Escentuals' claims focus appropriately on Defendant's trademark infringement and false advertising as described above, for which the initial evidence strongly suggests liability. Moreover, the addition of the Defendant's advertising affiliates as Doe defendants and the new allegations supporting liability for civil conspiracy closely relate to these claims.

**B.     Defendant Will Not Suffer Prejudice From The Addition Of Doe Defendants.**

Defendant fails to establish that the addition of the Doe defendants would prejudice it. Defendant incorrectly asserts that adding Doe defendants will increase its discovery burden. There is no principled basis for such a conclusion, because any extra discovery would chiefly fall on the new defendants. Nor does the addition of Doe defendants change the nature of the case against the Defendant. Defendant's communications with its affiliates, related to their efforts to market RAWMinerals are relevant, whether the case includes the Doe defendants or not. In fact, addition of

4

Doe defendant affiliates will streamline the case, because discovery requests to them will not labor under the rules governing third-party discovery.

Defendant's claim of prejudice falls far short of what courts recognize as sufficient to defeat a motion for leave to amend. As the cases Defendant itself cites illustrate, courts typically grant leave to amend despite discovery burdens far more substantial than here. For example, Defendant cites *M.K. v. Tenet*, 216 F.R.D. 133 (D.D.C. 2002). In *M.K.*, the plaintiffs sought leave to amend to add nine additional plaintiffs with factually distinct claims nearly three years after the commencement of the litigation. Recognizing the increased discovery burden of defending against nine new claims, the court nonetheless granted the motion for leave to amend. *Id.* at 135-36. The facts in the present case are far less compelling, yet Defendant urges this Court to consider *M.K.* for its dictum and ignore its holding.

Defendant also cites *Zivkovic v. S. Cal. Edison Co.*, 302, F.3d 1080 (9th Cir. 2002), which demonstrates the level of prejudice and delay that courts consider sufficient to defeat a motion for leave to amend. In that case, the plaintiff moved for leave to amend months after the deadline for such motions set forth in the scheduling order, and *five days* before the close of discovery. *Id.* at 1087; *see also Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (also cited by Defendant) (upholding denial of leave to amend where plaintiff filed motion two weeks before discovery deadline). Here the Court has entered no scheduling order, and there is no date for the close of discovery.

There will be no undue delay. The case is in the early stages of discovery, and the additional complexities are few. In any event, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**C.    This Litigation Is The Most Efficient Forum To Address Both The Liability of Defendant's Affiliates And Defendant's Potential Liability For Their Actions.**

Under Defendant's view, false advertising on its behalf by some of its affiliates is their own responsibility and should not form part of this case. To deflect liability for some of the more egregious false advertisements, such as those in Exhibits P and Q of the Proposed First Amended Complaint, Defendant does not dispute that the materials are false advertising, but instead blames

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

5

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**09-CV-00382 (CRB)**

rogue affiliates and claims that it is not responsible for them. (Opp. at 5:5-13.) Defendant concedes that these false advertisements in the form of blogs by its affiliates purport to tell the story of Mary Ann (Felton) Porter and it concedes that Mary Ann (Felton) Porter did provide testimonials to RAWMinerals, presumably including the "Better than bareMinerals" quote that appears on the page shown above on page 3 above the name "Mary Ann F." (Id.) It asserts, however, that some non-party affiliate produced these false and misleading advertising materials on its behalf without its authorization.[3] Defendant has steadfastly refused document requests concerning Defendant's communications with its affiliates about their marketing activities (Donaldson Decl. at ¶ 12), and it now objects to the addition of these affiliates as Doe Defendants on the self-serving and untested ground that they are "rogues." The most efficient way to sort out who is responsible for which of these statements, and how to allocate responsibility for these wrongful acts, is to adjudicate these claims in one proceeding.

## III.     CONCLUSION

Defendant has asserted no valid basis for denial of leave to amend. Bare Escentuals respectfully requests this Court grant it leave to file its First Amended Complaint.

Dated:  November 6, 2009         WINSTON & STRAWN LLP

By:   /s/ J. Caleb Donaldson
Andrew P. Bridges
Jennifer A. Golinveaux
K. Joon Oh
J. Caleb Donaldson
Attorneys for Plaintiff
BARE ESCENTUALS BEAUTY, INC.

SF:266395.1

---

[3] Defendant fails to explain how the third party, without Intelligent Beauty's cooperation, would know the full name of a person Defendant's acknowledged materials identify only as "Mary Ann F."

6

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**
**09-CV-00382 (CRB)**

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894