

Bryan Cave LLP
Two Embarcadero Center, Suite 1410
San Francisco, CA 94111-3907
Tel (415) 675-3400
Fax (415) 675-3434
www.bryancave.com

Bryan Cave Offices
Atlanta
Charlotte
Chicago
Dallas
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
Milan
New York
Paris
Phoenix
San Francisco
Shanghai
St. Louis
Washington, DC

Bryan Cave International Trade
A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS
www.bryancavetrade.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

February 18, 2010

**BY E-FILING AND HAND DELIVERY**

Magistrate Judge Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gave Avenue
San Francisco, CA 94102

**Re:** ***Bare Escentuals Beauty, Inc. v. Intelligent Beauty, LLC***
**Case No. CV-09-00382 (CRB)**

Dear Judge Spero:

**IB'S POSITION:**

Following in-person meet and confers on February 7th and 12th, Intelligent Beauty seeks an order compelling Bare Escentuals to produce a competent corporate representative to testify about the one 30(b)(6) subject matter it requested:

> "Complaints or inquiries from customers about the products sold and services marketed and/or sold under the marks BAREMINERALS and RAREMINERALS."

BE did not object to the deposition notice and it has now produced two unprepared individuals to testify. BE initially produced its Chief Executive Officer, Leslie Blodgett, who testified that [REDACTED].

Following a meet and confer letter, BE produced its Senior Director of Operations, Michael Thompson, as a substitute witness. Mr. Thompson also testified that [REDACTED].

BE's refusal to produce a competent witness violates the Federal Rules of Civil Procedure and reflects one of many efforts by BE to obstruct IB from obtaining evidence to support its unclean hands affirmative defense and its counterclaims.

**The Obligations Under Fed. R. Civ. P. 30(b)(6)**
The law is clear and unambiguous. "A deponent under Rule 30(b)(6) has an affirmative obligation to educate himself as to the matters regarding the corporation.

This includes all matters that are known or reasonably available to the corporation." *Honda Lease Trust v. Middlesex Mut. Assur. Co.*, 2008 U.S. Dist. LEXIS 60766, *8-9 (D. Conn. Aug. 7, 2008) (internal citations omitted). Further, the corporation "ha[s] a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (internal citation omitted); *see also Beauperthuy v. 24 Hour Fitness United States, Inc.*, 2009 U.S. Dist. LEXIS 104906, *13 (N.D. Cal. Nov. 10, 2009). "[I]f the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *United States ex rel. McLean v. County of Santa Clara*, 2008 U.S. Dist. LEXIS 41003, *5 (N.D. Cal. Apr. 30, 2008).

**Ms. Blodgett's Deposition**

Ms. Blodgett was entirely unprepared for deposition as the corporate representative. When asked what she did to prepare to testify as the corporate representative, Ms. Blodgett responded: [redacted]. The deposition of Ms. Blodgett as a 30(b)(6) witness was effectively a waste of time.[1]

**IB's Meet and Confer Letters**

On January 29, 2010, IB made demand that BE produce a new witness, enclosing sample complaints about which BE's "corporate representative" would be expected to testify.[2] The complaints reflect that BE has engaged in deceptive marketing practices by making unsubstantiated "retail value" claims in connection with its introductory offers as well as its continuity program, the bareminerals club. They also reflect that consumers have complained that BE's "risk free trial" is false and misleading. The next day, BE advised that "Bare Escentuals is prepared to make Michael Thompson available as a substitute corporate representative." IB responded requesting assurances that Mr. Thompson would be knowledgeable regarding customer complaints.[3] IB did not receive the requested assurances, but proceeded nonetheless with the deposition of Mr. Thompson on February 9, 2010.

**The Deposition of Michael Thompson**

Like Ms. Blodgett, Mr. Thompson did nothing to prepare. [redacted]

---

[1] The cited portions from the Blodgett deposition transcript are attached. Blazewicz Decl., Ex. A.
[2] IB's letter dated January 29, 2010 is attached. Blazewicz Decl, Ex. B.
[3] IB's letter dated January 31, 2010 is attached. Blazewicz Decl., Ex. C.

On February 11, 2010, IB wrote another meet and confer letter, again requesting that BE produce a witness competent to testify on the designated subject matter. IB has not received any response.[5]

IB respectfully requests a court order directing BE to produce a witness knowledgeable about the specified subject matter, including the complaints BE has produced, those attached to IB's letters, those received from the BBB and state attorneys general and others which it has yet to disclose. IB requests that BE and its counsel certify in advance that the third witness offered on this subject will be knowledgeable and prepared on the designated subject matter. *See Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, Case No. CV 08-115-M-DWM, 2009 U.S. Dist. LEXIS 117032, at *23 (D. Mont. Dec. 3, 2009) (internal citations omitted). IB further seeks an order that BE finally produce all complaints on this subject matter, as previously requested, in advance of the deposition.[6]

**BARE ESCENTUALS' RESPONSE:**

In a misguided effort to obtain new discovery to support counterclaims filed after the close of fact discovery, IB misrepresents the facts concerning its deposition of BE's 30(b)(6) designee, stooping so low as to mock the religious faith of BE's CEO, Leslie Blodgett, misleadingly excerpting her deposition testimony about

IB noticed Ms. Blodgett's personal deposition. BE also initially designated her in response to the only 30(b)(6) topic noticed by IB, concerning "Complaints or inquiries from customers about the products sold and services marketed and/or sold the marks BAREMINERALS and RAREMINERALS." Contrary to IB's assertion at page one above, Blodgett *did not* testify that . When asked what she did to prepare, Blodgett stated that .[7] Blodgett is BE's Chief Executive Officer, and was well positioned to testify in response to IB's extremely broad and vague 30(b)(6) topic. IB deposed Ms. Blodgett for a full day, with the deposition beginning just after 10:00 a.m., and ending just after 6:00 p.m. *Id.* at 2.

Nonetheless, when IB's counsel stated that IB desired a witness with more detailed hands on knowledge of the process by which customer communications come in to the company, BE promptly designated Michael Thompson, BE's Senior Director of Operations and the person who

---

4 Thompson repeatedly testified that

5 A copy of IB's letter dated February 11, 2010 is attached. Blazewicz Decl., Ex. D. The relevant excerpts of the Thompson deposition are attached. Blazewicz Decl., Ex. E.

6 The document requests seeking the complaints are the subject of another pending motion to compel.

7 Accompanying Declaration of K. Joon Oh ("Oh Dec."), ¶ 2, Ex. A.

oversees the customer service operations, to further testify on the topic. On February 9, 2010, IB deposed Thompson as BE's corporate designee starting at 9:09 a.m. and ending at 5:16 p.m. Oh. Dec., ¶ 3, Ex. B at 2. Thompson runs the department that manages and processes customer communications to Bare Escentuals, and he provided detailed exhaustive testimony on IB's noticed topic.[8]

IB now seeks yet another corporate designee on its noticed topic, and it distorts the facts and laws in its effort to justify it. Contrary to IB's assertions, Thompson was fully prepared and qualified to testify as BE's corporate designee on the noticed topic. He has been BE's Senior Director of Operations for more than two years.[9] He started at BE in 2006 as director of direct-to-consumer operations. His responsibilities have always included the management of customer service, including BE's internal customer service department.[10] His direct reports have always included BE's customer service manager.[11]

Each of IB's misguided attempts to paint Thompson as unprepared or an inappropriate corporate designee fails. First, IB falsely claims that Thompson did not prepare for the deposition and did not review any documents. In fact, he testified that [redacted].[12] IB claims that he reviewed no complaints to prepare, but fails to mention that he was only asked [redacted]. In fact, Thompson did review "complaints" to prepare for his deposition, including customer service emails, documents from the Better Business Bureau, and from various state attorney generals' offices. Oh Dec., ¶ 4.

IB cites additional deposition excerpts, 88:18-24 and 90:9-96:24, as "evidence" that Thompson was an unsuitable witness concerning IB's 30(b)(6) topic: "Complaints or inquiries from *customers* . . ." But his deposition transcript shows that [redacted] Similarly in footnote four, IB cites another string of deposition excerpts, this time focusing on [redacted]

---

[8] IB is entitled to a seven-hour day to complete its 30(b)(6) deposition. Fed. R. Civ. P. 30, Advisory Committee Notes on Rules, 2000 Amendment, subsection (d) ("For purposes of the durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.").

[9] Oh Dec. ¶ 3, Ex. B at 12:8-18.

[10] *Id*. at 27:21-28:7.

[11] *Id.* at 35:2-36:20.

[12] Blazewicz Dec., ¶5, Ex. E at 86:1-87:8.

[redacted] *BE has reviewed and produced nearly 80,000 pages of consumer communications responsive to a long list of search terms identified by IB. Id.* at ¶¶ 5-7. IB's suggestion that Thompson must have been specifically prepared to testify on all 80,000 pages is unreasonable.

In fact, Thompson testified in detail concerning the noticed topic. He testified regarding [redacted]

IB's now says its wants to depose one of the employees who reports to Thompson, Jeannie Smith, on topics far exceeding the scope of IB's 30(b)(6) notice. IB is not entitled to depose Smith. IB elected not to subpoena Smith to testify at a deposition. 8A Wright, Miller & Marcus, FEDERAL PRACTICE & PROCEDURE § 2103 (2d. ed. 1994) (discussing requirement of a subpoena to depose an ordinary corporate employee). BE is not mandated to designate a specific individual of IB's choosing as its designee under Rule 30(b)(6). *Id.* ("Because Rule 30(b)(6) imposes on the organization the obligation to select the individual witness, the party seeking discovery is not permitted to insist that [BE] choose a specific person to testify . . ."); *id.* at n.4. Moreover, as BE's counsel informed IB's counsel, Smith underwent back surgery in December and is still recovering and primarily working from home.

IB's request for an additional corporate designee on its noticed topic, and for new documents to which it is not entitled, should be denied.

Respectfully submitted,

**BRYAN CAVE LLP**

/s/ Keith D. Klein

Keith D. Klein
Attorneys for Defendant

**WINSTON & STRAWN LLP**

/s/ Andrew Bridges

Andrew Bridges
Attorneys for Plaintiff