

February 18, 2010

Bryan Cave LLP
Two Embarcadero Center, Suite 1410
San Francisco, CA 94111-3907
Tel (415) 675-3400
Fax (415) 675-3434
www.bryancave.com

**VIA E-FILING AND HAND DELIVERY**

Magistrate Judge Joseph C. Spero
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102-3483

Re: *Bare Escentuals Beauty, Inc. v. Intelligent Beauty, LLC,* Case No. 09-cv-00382 (CRB)

Bryan Cave Offices
Atlanta
Charlotte
Chicago
Dallas
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
Milan
New York
Paris
Phoenix
San Francisco
Shanghai
St. Louis
Washington, DC

Dear Judge Spero:

Defendant and Counterclaimant Intelligent Beauty, LLC ("IB"), submits the following letter regarding its document subpoena to third party, Sephora USA, Inc. ("Sephora"), which was personally served on Sephora on January 20, 2010 (the "Subpoena"). A true and correct copy of the Subpoena is attached hereto as Exhibit "A." Although the Subpoena only requested twelve categories of documents, on January 29, 2010, Sephora served 10 pages of objections to the Subpoena and refused to produce any documents. A true and correct copy of Sephora's Objections is attached hereto as Exhibit "B."[1]

On February 5, 2010, IB's counsel sent Sephora's counsel a meet and confer letter proposing eight further narrowed Document Requests. IB also offered to limit the time period covered by the requests to three years and enclosed the Stipulated Protective Order in this action. A true and correct copy of IB's meet and confer letter is attached hereto as Exhibit "D." IB's counsel offered to meet and confer with Sephora's counsel in person, but did not receive a response from Sephora's counsel.

Bryan Cave International Trade
A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS

www.bryancavetrade.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Bryan Cave Strategies
A GOVERNMENT RELATIONS AND
POLITICAL AFFAIRS SUBSIDIARY
www.bryancavestrategies.com
Washington, DC
St. Louis

---

[1] IB has also served third party subpoenas on Ulta Salon, Cosmetics & Fragrance, Inc. and QVC, Inc. As with Sephora, Ulta and QVC served only lengthy boilerplate objections. Despite IB's good faith efforts to address the third parties' purported concerns, none of them have produced any documents. IB has also attempted to obtain these documents directly from Bare Escentuals. Bare Escentuals has improperly refused to turn over any responsive documents, which are directly relevant to IB's affirmative defenses and Counterclaims, which is the subject of a separate Motion to Compel before the Court. IB's First Amended Answer And Counterclaim To Plaintiff's First Amended Complaint is attached hereto as Exhibit "C."

Hon. Joseph C. Spero
February 18, 2010
Page 2

IB's counsel and Sephora's counsel discussed the Subpoena during several telephone calls but Sephora has not agreed to produce any documents in response to the Subpoena. The Requests are summarized below.

**Sephora's Position**

IB appears to be engaged in a classic fishing expedition targeting sensitive financial information and trade secrets from a non-party irrespective of the burden on the non-party or the relevance of the documents.

There has been no genuine meet and confer process. Sephora's counsel has been asking for an explanation of the relevance of the subpoenaed documents for two weeks to no avail. *See* letter of February 17, 2010, a true and correct copy of which is attached as Exhibit "E."

The current scope of the request is unclear. By letter of February 5, 2010, IB outlined eight categories of documents. By email of February 10, 2010, a true and correct copy of which is attached as Exhibit "F," IB narrowed it to five categories. In this letter, IB expands it again to eight categories.

**Request No. 1: Documents Regarding Sephora's Volume of Sales for Bare Minerals**

**IB's Position**: These documents are relevant to IB's claim that it is entitled to disgorgement of profits that BE obtained by luring away customers in the marketplace based upon false advertising and other unlawful activities.

**Sephora's Position**: The parties did not meet and confer about this request. The request is overbroad and harassing, and seeks irrelevant confidential sales information. IB does not explain how information about *Sephora's* volume of sales is relevant to the disgorgement of profits of *BE*, a separate company. If IB needs information about BE's profits, it should get it from BE, the party in litigation.

**Request No. 2: Documents Regarding Bare Escentuals' "Get Started Kit"**

**IB's Position**: IB alleges in its Counterclaim, among other things, that Plaintiff and Counter-Defendant Bare Escentuals' ("BE") marketing, promotion and sale of its "Get Started Kits" has been, and continues to be, replete with false and misleading "value" claims designed to lure customers away from competitors, including IB, and the marketplace to become BE's customers. (First Amended Answer And Counterclaim To Plaintiff's First Amended Complaint, ¶ 12.) Specifically, BE allegedly makes false representations that customers who purchase one of the kits save over 70% and $150 off. (Id., ¶¶ 13-15.) BE has added the total retail value of the products in its kit to come up with an advertised $210 value price. (Id.) However, BE allegedly fails to disclose that many of the products in its kit are significantly smaller than what is available at retail. (Id.) Thus, the documents sought in Request No. 2, particularly customer complaints regarding the Get Started Kits, are directly relevant to IB's Counterclaim, as well as its "unclean hands" affirmative defense.

773528

**Sephora's Position**: The parties did not meet and confer about this request. This request is burdensome and harassing. Information about the "Get Started Kits," the sale price, the value, and similar information is readily available in the stores and online. The information on the packaging can be determined by reading it. The request for all customer complaints regarding the Get Started Kits would add no relevant information that is not already publicly available.

**Request No. 3: Customer Complaints About Non-Natural Ingredients**

**IB's Position:** Request No. 3 seeks documents regarding customer complaints that BE's Get Started Kits contained non-natural products/ingredients. BE's false advertising claim is based on the RAWMINERALS "Better than Bare" slogan. BE alleges that "Better than Bare" is false and misleading and specifically quotes one ad, claiming that it falsely implies the use of non-natural ingredients by BE. (FAC, ¶¶ 35, 68-69.) In fact, one of the key differences between RAWMINERALS and BE is that RAWMINERALS is, and has been, a leader in using natural ingredients in its mineral makeup. Certain products under the BAREMINERALS mark, on the other hand, have used non-natural preservatives.

**Sephora's Position**: The parties did not meet and confer about this request. Sephora does not understand what the term "non-natural" ingredients means. IB does not explain how customer complaints are relevant to determining what ingredients are in a product. In any event, ingredient information is available online and in the stores.

**Request No. 4: Customer Complaints About the bareMinerals Club**

**IB's Position:** IB alleges in its Counterclaim that BE offers its "inclusive" bareMinerals club membership to consumers who purchase the "Get Started Kits" through BE's infomercial offerings and its online website. (First Amended Answer And Counterclaim To Plaintiff's First Amended Complaint, ¶ 16.) The bareMinerals Club ("the Club") is a "negative option" continuity program offered by BE. Customers become members upon purchasing one of BE's "Get Started Kits" from the aforementioned channels of distribution, among others. As a Club member, a customer receives scheduled periodic shipments of products. BE represents that customers who join the Club are afforded additional benefits, yet, in reality, the Club membership is not the deal it professes to be, thereby making the promotion false and misleading. (Id., ¶¶ 16-23.) Club members are not receiving any savings and are actually substantially overpaying for the amount of product they are receiving. The documents sought in this Request are directly relevant to IB's Counterclaim.

**Sephora's Position**: The parties did not meet and confer about this request. The bareMinerals club is operated entirely by BE and Sephora would have no customer complaints about it.

**Request No. 5: Communications Between Sephora and BE About RAWMINERALS**

**IB's position:** IB needs these documents in order to show, for example, any statements by BE referring to RAWMINERALS in connection with the online marketing of BE's products.

Hon. Joseph C. Spero
February 18, 2010
Page 4

**Sephora's Position**: The parties did not meet and confer about this request. The request is burdensome and harassing and seeks irrelevant material. IB does not explain how these communications relate to the claims.

**Request No. 6: Documents Identifying Every Mineral Makeup Sold by Sephora**

**IB's position**: IB needs these documents in order to show that IB and BE are competing in a crowded marketplace and that Sephora sells numerous brands of mineral makeup.

**Sephora's Position**: The parties did not meet and confer about this request. Information identifying Sephora's products are readily and publicly available online and in retail stores. This should be the subject of expert testimony.

**Request No. 7: Documents Identifying Product Names Containing the Word "Bare"**

**IB's position**: IB needs these documents in order to show that IB and BE are competing in a crowded marketplace and that Sephora sells numerous products containing the word "bare" as part of the product name.

**Sephora's Position**: The parties did not meet and confer about this request. Sephora product names are readily and publicly available online and in retail stores. This should be the subject of expert testimony.

**Request No. 8: Keywords Or Search Terms Used by Sephora to Market BE's Product**

**IB's position**: Such keywords or search terms are directly relevant to issues related to the online marketing of BE's products. This would be informative as to whether or not BM was directing its vendors to engage in marketing practices designed to draw customers purchasing RAWMINERALS to channels where they could purchase BAREMINERALS.[2]

**Sephora's Position**: The parties did not meet and confer about this request. The request seeks highly sensitive and confidential information about *Sephora's* marketing strategy unrelated to the marketing efforts of *BE*, the party to the litigation.

Respectfully submitted,

/s/ Keith D. Klein
Keith D. Klein, Bryan Cave LLP
Attorneys for Defendant

/s/ Lawrence P. Eibner
Lawrence P. Eibner, Holme Roberts & Owen LLP
Attorneys for Third-Party Sephora USA, Inc.

---

[2] Attached hereto as Exhibit "G" is a printout from a Google Search on February 16, 2010, which demonstrates that when consumers run a search for "raw minerals makeup," they are directed to www.Sephora.com where they can purchase Bare Escentuals products.

773528