WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
abridges@winston.com
Jennifer A. Golinveaux (SBN: 203056)
jgolinveaux@winston.com
K. Joon Oh (SBN: 246142)
koh@winston.com
J. Caleb Donaldson (SBN: 257271)
jcdonaldson@winston.com
101 California Street
San Francisco, CA  94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Plaintiff
BARE ESCENTUALS BEAUTY, INC.

BRYAN CAVE LLP
Marcy J. Bergman (SBN 75826)
marcy.bergman@bryancave.com
Keith D. Klein (SBN: 184846)
keith.klein@bryancave.com
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:    310-576-2100
Facsimile:    310-576-2200

Attorneys for Defendant
INTELLIGENT BEAUTY, LLC

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| BARE ESCENTUALS BEAUTY, INC., | Case No. 03:09-cv-00382 (CRB) (JCS) |
|---|---|
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER** |
| vs. | |
| INTELLIGENT BEAUTY, LLC, | |
| and | |
| DOES 1-12, | |
| Defendants. | |

### **STIPULATION**

BARE ESCENTUALS BEAUTY, INC., through its attorneys of record, Winston & Strawn

LLP, and INTELLIGENT BEAUTY, LLC, through its attorneys of record, Bryan Cave, LLP,

1

1  hereby stipulate that BARE ESCENTUALS BEAUTY, INC. is entitled to the order as set forth

2  below as a complete resolution of this litigation.

3      **IT IS SO STIPULATED.**

Dated: April 26, 2010                       Dated: April 26, 2010

BRYAN CAVE LLP                      WINSTON & STRAWN LLP

   /s/ Marcy J. Bergman               /s/ Andrew P. Bridges
Marcy J. Bergman                      Andrew P. Bridges
Attorney for Defendant                 Attorney for Plaintiff
INTELLIGENT BEAUTY, LLC         BARE ESCENTUALS BEAUTY, INC.

Andrew P. Bridges attests that Marcy Bergman has consented to the filing of this document.

                     /s/ Andrew P. Bridges
                     Andrew P. Bridges

### [~~PROPOSED~~] ORDER

THIS MATTER having been brought to the Court by Winston & Strawn LLP, attorneys for Plaintiff and Counter-defendant BARE ESCENTUALS BEAUTY, INC., with the consent of the Defendant and Counterclaimant INTELLIGENT BEAUTY, LLC, and it appearing that the parties have entered into a Settlement Agreement dated March 4, 2010 to resolve the instant action and, as part of that Settlement Agreement, Defendant INTELLIGENT BEAUTY, LLC willingly has stipulated to the entry of an order by this Court, and good cause appearing therefor:

The Court having consideration of the Settlement Agreement between the parties, a redacted copy of which is attached to this Stipulation and Order as Exhibit A, the Court hereby orders that INTELLIGENT BEAUTY, LLC shall fully and faithfully abide by the terms of the Settlement Agreement. The Court shall retain jurisdiction of this matter with the full power to enforce the terms of the Court's Order on such terms as the Court shall deem just and appropriate under the circumstances, including but not limited to contempt.

1    **IT IS SO ORDERED**, this 27th day of April, 2010.

_____
Hon. Charles R. Breyer
United States District Judge
Northern District of California

*[Stamp: IT IS SO ORDERED / Judge Charles R. Breyer, signed]*

SF:276215.3

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

# EXHIBIT "A" TO STIPULATION AND [PROPOSED] ORDER

**REDACTED SETTLEMENT AGREEMENT**

Bare Escentuals Beauty, Inc., a Delaware corporation with a place of business at 71 Stevenson Street, San Francisco, California ("BARE ESCENTUALS"), and Intelligent Beauty LLC, a Delaware limited liability company with a place of business at 2301 Rosecrans Avenue, El Segundo, California (INTELLIGENT BEAUTY), hereby agree as set forth below as of March 4, 2010 (the "Effective Date"). Bare Escentuals and Intelligent Beauty will sometimes be referred to hereinafter collectively as the "Parties" and individually as a "Party."

1. This agreement (the "Agreement") resolves a dispute reflected in litigation brought by BARE ESCENTUALS against INTELLIGENT BEAUTY in the United States District Court for the Northern District of California, Case No. C-09-00382 CRB (JCS), in which BARE ESCENTUALS asserted claims of trademark infringement and false advertising, and INTELLIGENT BEAUTY asserted counterclaims of false advertising (the "Lawsuit").

2. [REDACTED]

   [REDACTED]

3. INTELLIGENT BEAUTY shall immediately discontinue the use, and instruct all advertisers to discontinue the use of the phrase "Better than Bare" or "Better than Bare Minerals" in any new advertising copy (regardless of media), publicly distributed marketing materials or public relations material, product package or product description in connection with the marketing, promotion or sale to the public of makeup offered and sold under the name "RAW Minerals," "RAW Natural Minerals," "RAW Natural Beauty" or any other mineral-based cosmetics. INTELLIGENT BEAUTY shall in any event discontinue all such copy no later than April 3, 2010.

4. INTELLIGENT BEAUTY shall immediately discontinue the use, and instruct all advertisers to discontinue the use, of the trademarks "bareMinerals" or "Bare Escentuals" or the use of "Bare" in a way that refers to makeup product in any advertising copy (regardless of media), publicly distributed marketing material or public relations material, product package or product description, including any statement in any such materials that states that a "RAW Minerals" or "RAW Natural Minerals" product is specifically compared to a "bareMinerals" product by name (as opposed to the market of mineral or non-mineral based cosmetics generally or without specificity). INTELLIGENT BEAUTY shall in any event discontinue all such copy no later than April 3, 2010.

5. INTELLIGENT BEAUTY shall promptly, but in no event later than April 3, 2010, discontinue use of the RAWMINERALS and "Raw Minerals" trademarks. Solely to facilitate INTELLIGENT BEAUTY's liquidation of current inventory of product and product packaging (including the Dermstore and Glow printed catalogs) bearing such marks for a period not extending beyond September 4, 2010 (the "Sell-off Period"), the Parties acknowledge and agree that INTELLIGENT BEAUTY has the right to, and BARE ESCENTUALS shall not object to, the delivery of products and packaging which bear the RAWMINERALS or "Raw Minerals" trademarks during the Sell-off Period. Following the earlier of INTELLIGENT BEAUTY's liquidation of its present inventory of products bearing the RAWMINERALS and "RAW Minerals" mark or the expiration of the Sell-off Period, INTELLIGENT BEAUTY shall no longer offer or sell cosmetics under the name RAWMINERALS or "Raw Minerals." INTELLIGENT BEAUTY represents and warrants that it will not place any further orders for additional product bearing the RAWMINERALS or "RAW Minerals" marks. Going forward, INTELLIGENT BEAUTY shall use its trademark "RAW Natural Minerals" to replace the "RAWMINERALS" trademark.

6. INTELLIGENT BEAUTY shall promptly withdraw its trademark registration application for the mark "Raw Minerals" (serial number 77/139,498) filed with the United States Patent and Trademark Office.

7. INTELLIGENT BEAUTY, for itself and its predecessors, successors and assigns, whether or not a party hereto (collectively and individually, the "Intelligent Beauty Releasing Parties"), hereby fully, finally and completely release and forever discharge BARE ESCENTUALS, as well as its predecessors, successors, assigns, parents, subsidiaries, affiliates, employees, attorneys and agents, past, present and future, and their respective heirs, successors and assigns (collectively and individually, the "Bare Escentuals Released Parties") of and from any and all claims, controversies, disputes, liabilities, obligations, demands, damages, debts, liens, rights, actions and causes of action of any and every nature whatsoever, whether known or unknown, suspected or unsuspected, unanticipated as well as anticipated and that now exist, from the beginning of time through the Effective Date.

8. The release and waiver in Section 7 above is intended to be, and is, a full, complete and general release and waiver in favor of the Bare Escentuals Released Parties with respect to all claims, demands, causes of action, defenses and other matters described in the recitals above, and any claims, demands, causes of action or defenses, or anything which might give rise to liability upon Bare Escentuals Released Parties.

9. The Intelligent Beauty Releasing Parties expressly waive the provisions of California Civil Code §1542 which reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

10. INTELLIGENT BEAUTY, on behalf of itself and the other Intelligent Beauty Releasing Parties, acknowledges that it may have sustained damage, loss, cost or expense that is presently unknown or unsuspected, and that such damage, loss, cost or expense as may have been sustained may give rise to additional damage, loss, cost or expense in the future.  Nevertheless, INTELLIGENT BEAUTY, on behalf of itself and the other Intelligent Beauty Releasing Parties, acknowledges that this paragraph has been negotiated and agreed upon in light of this situation and expressly waives any and all rights which such person may have under Section 1542 of the California Civil Code, or any other state or federal statute or common law principle of similar effect.

11. BARE ESCENTUALS, for itself and its predecessors, successors and assigns, whether or not a party hereto (collectively and individually, the "Bare Escentuals Releasing Parties"), hereby fully, finally and completely release and forever discharge INTELLIGENT BEAUTY, the Doe Defendants, as well their respective parents, subsidiaries, affiliates, partners, constituents, employees, attorneys and agents, past, present and future, and their respective heirs, successors and assigns (collectively and individually, "Intelligent Beauty Released Parties") of and from any and all claims, controversies, disputes, liabilities, obligations, demands, damages, debts, liens, rights, actions and causes of action of any and every nature whatsoever, whether known or unknown, suspected or unsuspected, unanticipated as well as anticipated and that now exist, from the beginning of time through the Effective Date.

12. The release and waiver in Section 11 above is intended to be, and is, a full, complete and general release and waiver in favor of the Intelligent Beauty Released Parties with respect to all claims, demands, causes of action, defenses and other matters described in the recitals above, and

any claims, demands, causes of action or defenses, or anything which might give rise to liability upon Intelligent Beauty Released Parties.

13. The Bare Escentuals Releasing Parties expressly waive the provisions of California Civil Code §1542 which reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

14. BARE ESCENTUALS, on behalf of itself and the other Bare Escentuals Releasing Parties, acknowledges that it may have sustained damage, loss, cost or expense that is presently unknown or unsuspected, and that such damage, loss, cost or expense as may have been sustained may give rise to additional damage, loss, cost or expense in the future.  Nevertheless, BARE ESCENTUALS, on behalf of itself and the other Bare Escentuals Releasing Parties, acknowledges that this paragraph has been negotiated and agreed upon in light of this situation and expressly waives any and all rights which such person may have under Section 1542 of the California Civil Code, or any other state or federal statute or common law principle of similar effect.

15. The Parties acknowledge that this Agreement represents a compromise of disputed claims and shall not be considered an admission of liability by any Party for any purpose.  All of the Parties hereto acknowledge that no representation or promise not expressly set forth in this Agreement (in its definitive, unredacted form) has been made by any other Party hereto or by any of their agents, servants, employees, representatives, attorneys or accountants, and that there are no representations or promises which are not expressly set forth herein in its definitive, unredacted form..

16. INTELLIGENT BEAUTY agrees that it will instruct its counsel and will take all necessary steps to have a stipulation and order in substance identical to the stipulation and order attached to this Agreement as Exhibit A entered by the Court in this matter (with this Agreement as redacted pursuant to Section 24 below attached to, and made a part of, that stipulation and order) [EXHIBIT A IS OMITTED FROM THIS REDACTED VERSION. IT CORRESPONDS TO THE STIPULATION AND PROPOSED ORDER THAT THE PARTIES ARE SUBMITTING WITH THIS REDACTED SETTLEMENT AGREEMENT].

17. California law shall govern this Agreement without regard to conflicts of law principles. The parties agree that the United States District Court for the Northern District of California shall exercise continuing jurisdiction over the dispute, including for the purpose of enforcing this Agreement, as provided in the stipulation and order attached as Exhibit A.

18. The Parties agree that they shall execute any further documents necessary to give effect to their promises and obligations.

19. The Protective Order entered in this case shall remain in effect notwithstanding entry of judgment pursuant to Exhibit A.

20. This Agreement may not be altered, modified, amended or changed in any way, nor any term waived, except by a writing duly executed by each of the Parties.

21. This Agreement may be executed in more than one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile transmission shall be treated as valid as an original.

22. Each of the persons executing this Agreement represents and warrants that he or she is duly authorized to execute the Agreement on behalf of the party for which he or she executes it,

and each of the Parties represents and warrants that it is duly authorized to enter into this Agreement.

23. This Agreement in its definitive, unredacted form, including all Exhibits attached hereto, which are herein incorporated by reference, constitutes the entire agreement and understanding among the Parties, and supersedes any prior agreements, negotiations, or understanding between or among them relating to the Lawsuit.  Each of the Parties acknowledges that it is not entering into this Agreement on the basis of any representation, warranty or promise not expressly contained in this Agreement in its definitive, unredacted form, and that no promises or inducements other than those expressly set forth herein have been made to cause any party to execute this Agreement.

24. The Parties and their respective counsel agree that they will not disclose the terms set forth in Section 2 of this Agreement, except as provided in this Section 24.  The Parties and their respective counsel are not, however, precluded from disclosing such information to their accountants, insurers, tax preparers, paid financial advisors and/or any governmental authority which might compel the disclosure of such information.  Notwithstanding the foregoing, if any Party receives a subpoena or other governmental or judicial process seeking to compel the disclosure of such information, it shall be the responsibility of the Party that receives the subpoena or other governmental or judicial process to notify all other Parties to this Agreement within two court days of receipt, thus affording the other Parties to this Agreement an opportunity to move to quash the subpoena and/or oppose the entry of any order seeking to compel the disclosure of such information.  To maintain the confidentiality of Section 2 above, the Parties shall submit a redacted version of this Agreement to the Court with the terms of Section 2 omitted.

By their execution below, the Parties hereby bind themselves to this Agreement as of the Effective Date stated above:

INTELLIGENT BEAUTY, LLC

By: _____
Adam Goldenberg, co-CEO

BARE ESCENTUALS BEAUTY, INC.

By: _____
Leslie Blodgett, Executive Chair

APPROVED AS TO FORM:

BRYAN CAVE LLP

_____
Keith D. Klein
Attorneys for Defendant and Counterclaimant
INTELLIGENT BEAUTY, LLC

WINSTON & STRAWN LLP

_____
Andrew P. Bridges
Attorneys for Plaintiff & Counter-defendant
BARE ESCENTUALS BEAUTY, INC.

Page 8 of 8

PAGE 1/1 * RCVD AT 4/19/2010 11:53:26 AM [Pacific Daylight Time] * SVR:WSSFRF01/1 * DNIS:1 * CSID: * DURATION (mm-ss):01-00